Case 6:22-cv-00007   Document 22   Filed on 07/25/22 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TRAY DEWAYNE GREEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:22-CV-00007 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Tray DeWayne Green is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Polunsky Unit in Livingston, Texas. Proceeding *pro se*, Green filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on January 28, 2022.[1] (D.E. 1). Green contends that the State of Texas subjected him to double-jeopardy in violation of the Fifth Amendment, violated his right to freedom of contract, failed to disclose itself as a for-profit corporation, and issued a counterfeit obligation in convicting him. Respondent filed a motion to dismiss contending that the § 2254 petition is untimely, to which Green failed to respond. (D.E. 19). As discussed below, it is respectfully recommended that Respondent's motion to dismiss (D.E. 19) be **GRANTED** and Green's § 2254 petition be **DISMISSED** as untimely. It is further recommended that a Certificate of Appealability ("COA") be **DENIED**.

---

[1] Green stated under penalty of perjury that he placed his petition in the prison mail system on January 28, 2022, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases.

## I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Green was convicted and sentenced in Jackson County, Texas. *See* 28 U.S.C. §§ 124(b)(5), 2241(d), 2254(a); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. Petition and Claims

In his petition, Green first claims that he was subjected to multiple convictions for the same offense in violation of the Fifth Amendment after his deferred adjudication was revoked and the forty-year sentence imposed. (D.E. 1 at 6-7). Second, Green alleges that the state violated his freedom of contract rights when the state, as a corporation, tried Green and did business as the 24th District Court of Jackson County. (*Id.*). Third, Green contends that the 24th District Court is a for-profit corporation, that it did not disclose its identity as such, that the order of deferred adjudication is thus a contract, and that Green thus has the right to rescind his signature from the order because it was obtained under conditions of fraud, deceit, and non-disclosure. (*Id.* at 8-9). Finally, Green claims to reserve the right to not be compelled to perform any contract to which he did not knowingly and voluntarily agree because the 24th District Court, as a business, issued a counterfeit obligation or security that resulted in his unlawful confinement. (*Id.*).

### b. State Court Records

In November 2011, Green was indicted with aggravated assault with a deadly weapon in violation of Texas Penal Code § 22.02, subject to an enhancement for a prior felony conviction for assault on a public servant in 2006. (D.E. 18-16 at 6). On April 18,

2013, Green pled guilty to the indictment and enhancement and waived his right to appeal. (*Id.* at 11-18). The 24th District Court of Jackson County entered an order of deferred adjudication and placed Green on community supervision for ten years. (*Id.* at 19).

In December 2014, the state filed a petition for revocation and final adjudication, alleging that Green had violated several conditions of his probation. (*Id.* at 23-30). The state claimed that Green: (1) committed new offenses of indecent exposure and theft; (2) moved to another county in violation of his probation; (3) failed to report to the Jackson County Probation Department; (4) failed to pay court costs and supervision fees; and (5) failed to perform his community service hours. (*Id.*).

On December 9, 2016, the trial court adjudicated Green guilty, revoked Green's community supervision, and sentenced Green to forty years of confinement in state prison. (*Id.* at 33-34). Green appealed, and the Thirteenth Court of Appeals of Texas affirmed the judgment of the district court on August 17, 2017. (D.E. 18-4). The Texas Court of Criminal Appeals refused Green's petition for discretionary review on October 25, 2017. (D.E. 18-15). Green later filed a writ of habeas corpus in the Court of Criminal Appeals on August 11, 2020. (D.E. 18-23 at 5). The Court of Criminal Appeals denied the writ without written order on February 3, 2021. (D.E. 18-21 at 1).

### III.    DISCUSSION

Respondent argues that all of Green's claims are time-barred by the one-year statutory limitations period in 28 U.S.C. § 2241(d). (D.E. 19 at 6-7). First, Respondent argues that Green's claims challenging the order of deferred adjudication are untimely because that order was a judgment for statutory purposes and became final on May 20,

2013, when the deadline for Green to file a direct appeal expired, and the time to file a § 2254 petition with these claims expired one year later. (D.E. 19 at 6). Second, Respondent contends that Green's claims related to the revocation proceedings and 40-year sentence are time-barred because the conviction became final on January 23, 2018, when the deadline for Green to file a petitioner for *certiorari* to the Supreme Court expired. (*Id.* at 7). According to Respondent, Green thus had until January 23, 2019, to file a § 2254 petition on these claims. Further, Respondent argues that Green is not entitled to statutory tolling on any of his claims because he did not file a state habeas petition until after the applicable limitations periods expired. (*Id.*). Finally, Respondent argues that Green is not entitled to equitable tolling because he has not shown rare or exceptional circumstances that would warrant tolling or that he diligently pursued § 2254 relief. (*Id.* at 7-8).

A one-year limitations period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). In the relevant part, the limitations period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; or (3) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1)(A), (B), (D). The time during which a properly filed state post-conviction or other collateral review application is pending is not counted toward the limitations period. *Id.* § 2244(d)(2).

However, a state habeas petition filed after the limitations period ends does not toll the limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

A Texas judgment of deferred adjudication ordering community supervision is a final judgment for the purposes of § 2244(d). *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). An offender in any criminal action must file a notice of appeal within thirty days after the day the sentence is imposed in open court. Tex. R. App. P. 26.2(a)(1). Additionally, an offender placed on community supervision can directly file an application for a writ of habeas corpus. Tex. Crim. Proc. Code Ann. art. 11.072.

In this case, Green's § 2254 petition is untimely. Under Fifth Circuit precedent, the state court's deferred adjudication order of community supervision on April 18, 2013, was a final judgment for the purposes of § 2244(d)(1)(A). *Caldwell*, 429 F.3d at 528-29. Green did not appeal, and the judgment became final on May 20, 2013, when Green's deadline to appeal elapsed.[2] Green had one year to file a § 2254 petition. 28 U.S.C. § 2244(d)(1)(A). The limitations period expired on May 20, 2014, but Green did not file his § 2254 petition until January 28, 2022, missing the deadline by over seven years. (D.E. 1).

Green's claims related to the revocation of his community supervision are also untimely. Green's deferred adjudication was revoked and he was convicted on December 9, 2016. (D.E. 18-16 at 33-34). The Texas Court of Criminal Appeals refused Green's petition for discretionary review on October 25, 2017, and he had 90 days to file a petition for *certiorari* with the Supreme Court. *See* Sup. Ct. R. 13.1. Green failed to do so, and his

---

[2] The thirtieth day after Green's judgment fell on a Saturday. Green's judgment therefore became final on the following Monday, May 20, 2013. *See* Tex. R. App. P. 4.1(a).

5

conviction became final on January 23, 2018. Green had until January 23, 2019, to file a federal habeas petition, but he did not file until January 28, 2022. Green thus missed the deadline to file a petition related to his conviction as well.

Further, as to statutory tolling, Green did not file a state habeas writ until August 17, 2020, well after the deadline to file a federal habeas petition. (D.E. 18-23 at 5). The state habeas application thus does not entitle Green to statutory tolling under § 2244(d)(2). *See Scott*, 227 F.3d at 263.

Finally, Green has not established that he is entitled to equitable tolling. At best, Green was negligent for failing to file on time. The Fifth Circuit has consistently held that garden variety negligence is not excusable and is insufficient to equitably toll a statute of limitations in the absence of rare and exceptional circumstances. *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002). Although Green pled guilty and waived his right to appeal the judgment of deferred adjudication, nothing prevented Green from filing an application for a writ of habeas corpus in state court challenging the order of deferred adjudication that placed him on community supervision. *See* Tex. Crim. Proc. Code Ann. art. 11.072. Similarly, if Green was under the impression that the statute of limitations period did not begin until his community supervision was later revoked, determining the actual law was a circumstance within his control. *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (stating that "a petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control" in order to be eligible for equitable tolling). Green's neglect is further evidenced by his failure to timely file either a federal habeas petition or a state writ of habeas corpus related to his subsequent conviction. Green has

6

neither claimed nor responded with any rare or exceptional circumstances that could excuse his failure to file on time. Even for a *pro se* petitioner like Green, delays of a petitioner's own making do not qualify for equitable tolling; ignorance of the law does not excuse prompt filing. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Thus, Green's § 2254 petition is untimely and he has not established that he is entitled to any statutory or equitable tolling.

## IV.     CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Although Green has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, reasonable jurists would not find it debatable that Green's claims are time-barred by the statute of limitations in § 2244(d). Therefore, it is further recommended

7

that any request for a COA be denied because Green has not made the necessary showing for such an issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss (D.E. 19) be **GRANTED**. Green's § 2254 petition should be **DISMISSED** as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be **DENIED**.

Respectfully submitted on July 25, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve written objections on the United States Magistrate Judge and all parties pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).